IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J.L. FRENCH AUTOMOTIVE CASTINGS, INC.,[1] | ) ) | Case No. 06-10119 ( ) (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## APPLICATION BY THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIRKLAND & ELLIS LLP AS ATTORNEYS FOR THE DEBTORS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), submit this application for entry of an order under section 327(a) of title 11 of the United States Code, authorizing the employment and retention of Kirkland & Ellis LLP ("K&E"), as bankruptcy counsel for the Debtors. In support of this application, the Debtors respectfully state as follows:[2]

### Jurisdiction

1. This Court has jurisdiction over this application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue

---

[1] The Debtors are: J.L. French Automotive Castings, Inc., Nelson Metal Products Corporation, Allotech International Inc., Shore Line Industries, Inc., J.L. French Automotive LLC, French Holdings, Inc., J.L. French Corporation, J.L. French Automotive Castings New York, Inc., J.L. French Automotive Castings Illinois, Inc.

[2] The facts and circumstances supporting this Application are set forth in the Affidavit of James M. Amodeo, Chief Financial Officer of J.L. French Automotive Castings, Inc., in Support of First Day Motions (the "First Day Affidavit"), filed contemporaneously herewith, and the attached Affidavit of Marc Kieselstein in Support of Application of the Debtors for Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Attorneys for the Debtors (the "Kieselstein Affidavit"), also filed contemporaneously herewith.

of these proceedings and this application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal bases for the relief requested herein are sections 101 and 327 of chapter 11 of title 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Fed. R. Bankr. P. 2014(a).

## Background

3. On the date hereof (the "Petition Date"), the Debtors filed their voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. The other facts and circumstances further supporting this application are more fully set forth in the First Day Affidavit.

## Relief Requested

5. By this application, the Debtors seek to employ and retain K&E as their attorneys to file and prosecute these Chapter 11 Cases and all related matters, effective as of the Petition Date. Accordingly, the Debtors respectfully request that the Court enter an order pursuant to section 327(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014(a) authorizing the Debtors to employ and retain K&E as their attorneys to perform the legal services that will be necessary during these Chapter 11 Cases.

## Services to be Provided

6. The professional services that K&E will render to the Debtors include the following:

A. advise the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

B. attend meetings and negotiate with representatives of creditors and other parties-in-interest;take all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including objections to claims filed against the estates;

C. prepare all motions, applications, answers, orders, reports and papers necessary to the administration of the Debtors' estates;

D. take any necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of the Debtors' plan of reorganization;

E. represent the Debtors in connection with obtaining postpetition financing;

F. advise the Debtors in connection with any potential sale of assets;

G. appear before the Court, any appellate courts and the United States Trustee and protect the interests of the Debtors' estates before those courts and the United States Trustee;

H. consult with the Debtors regarding tax matters; and

I. perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

7. The Debtors seek to retain K&E as their attorneys because K&E has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. K&E possesses extensive expertise, experience and knowledge practicing before bankruptcy courts.[3]

8. K&E has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, In re Trans World Airlines, Case No. 01-0056 (Bankr. D. Del. January 10, 2001), In re W. R. Grace, Case No. 01-0139 (Bankr. D. Del. April 2, 2001), In re Exide Technologies, Case No. 02-1125 (Bankr. D. Del April 15, 2002), In re Leaseway Motor Transport Co., Case No. 06-00107 (Bankr. W.D.N.Y. 2006), In re Musicland Holding Corp., Case No. 06-10064 (Bankr. S.D.N.Y. 2006), In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. 2005), In re Collins & Aikman Corp., Case No. 05-55927-R (Bankr. E.D. Mich. 2005); In re Tower Auto. Inc., Case No. 05-10578 (Bankr. S.D.N.Y. 2005); In re Jillian's Entm't Holdings, Inc., Case No. 04-33192 (Bankr. W.D. Ky. June 22, 2004); In re Techneglas, Inc., Case No. 04-63788 (Bankr. E.D. Ohio 2004); In re Conseco, Inc., Case No. 02-B49672 (Bankr. N.D. Ill 2002); In re UAL Corp., Case No. 02-B48191 (Bankr. N.D. Ill. 2002); and In re Dade Behring Holdings, Inc., Case No. 02-B29020 (Bankr. N.D. Ill. 2002).

9. During its preparation of these Chapter 11 Cases, K&E has become familiar with the Debtors' businesses and affairs and many of the potential legal issues that may arise in the context of these Chapter 11 Cases. Accordingly, the Debtors believe that K&E is

---

[3] It is intended that the services of K&E shall complement, and not duplicate, the services to be rendered by the Debtors' special counsel, Varnum, Riddering, Schmidt & Howlett LLP, and local counsel Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.

both well-qualified and uniquely able to represent them in these Chapter 11 Cases in an efficient and timely manner.

## Terms of Retention

10. K&E intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and this Court's orders, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that K&E incurs. The hourly rates and corresponding rate structure utilized by K&E in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure predominantly used by K&E for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate, securities and litigation matters (collectively, the "Complex Matters") whether in court or otherwise, regardless of whether a fee application is required. These rates and this rate structure reflect that such restructuring and other Complex Matters are typically national in scope and typically involve great complexity, high stakes and severe time pressures. In addition, at times, K&E negotiates bonuses and special fee arrangements that can make the effective "rate" substantially lower or higher depending on the particular arrangement and outcome of the underlying action.

11. K&E operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved and other factors. Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, K&E has no single rate for an individual

biller that applies to all matters for all clients. K&E rates for an individual biller may vary as a function of the type of matter, geographic factors, the nature of certain long-term client relationships and various other factors.

12. K&E's hourly rates are set at a level designed to fairly compensate K&E for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. K&E hourly rates range as follows:

| Billing Category | Range |
| --- | --- |
| Partners | $520 to $950 an hour |
| Of Counsel | $280 to $685 an hour |
| Associates | $245 to $520 an hour |
| Paraprofessionals | $110 to $240 an hour |

13. The following professionals are presently expected to have primary responsibility for providing services to the Debtors: Marc Kieselstein (current billing rate $745); Roger J. Higgins (current billing rate $545); Erin N. Brady (current billing rate $480); Daryll V. Marshall (current billing rate $475); Uday Gorrepati (current billing rate $315); Kathryn Koenig (current billing rate $295); and Thad Davis (current billing rate $275). In addition, from time to time, it may be necessary for other K&E professionals and paraprofessionals to provide services to the Debtors.

14. It is K&E's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also K&E's policy to

charge its clients only the amount actually incurred by K&E in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

15. To ensure compliance with all applicable deadlines in these complex Chapter 11 Cases, from time to time K&E utilizes the services of overtime secretaries. K&E charges fees for these services pursuant to the terms of the prepetition engagement letter between K&E and the Debtors, which permits K&E to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, K&E professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

16. K&E charges (a) $0.10 per page for standard duplication and printing ($0.15 per page for copies made in the New York office and $0.20 per page for copies made in the London office), (b) $0.15 per page for scanning images and generating PDF documents and (c) $0.75 per page for outgoing facsimile transmissions (plus related toll charges). K&E does not charge its clients for incoming facsimile transmissions. K&E has negotiated a discounted rate for Westlaw computer assisted legal research, which is approximately $125 per hour of online use of the standard Westlaw databases. Computer assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques. K&E charges other client-reimbursable expenses pursuant to the terms of the prepetition engagement letter or as required by the guidelines established by the United States Trustee.

17. K&E has received a retainer in a series of payments as disclosed in the Affidavit of Marc Kieselstein in Support of Application for Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Attorneys for the Debtors (the "Kieselstein Affidavit") for its prepetition and postpetition services rendered and expenses incurred on behalf of the Debtors. The Kieselstein Affidavit is attached as <u>Exhibit A</u>. The Debtors have agreed that the retainer was earned upon receipt, as stated in the engagement letter, attached to the Kieselstein Affidavit as <u>Exhibit 3</u>.

18. As of the Petition Date, K&E believes that the Debtors do not owe K&E any amounts for legal services rendered before the Petition Date.

### K&E's Disinterestedness

19. To the best of the Debtors' knowledge, and except as disclosed in the Kieselstein Affidavit, K&E does not hold or represent any interest adverse to the Debtors' estates. K&E is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code and as modified by section 1107(b) of the Bankruptcy Code, and K&E's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

### Notice

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' proposed postpetition lenders; (iii) the administrative agents for the Debtors' prepetition secured lenders; and (iv) the indenture trustee for the Debtors' prepetition senior subordinated notes. Following the first day hearing in this case, notice of the Motion will be given to (a) creditors holding the consolidated forty largest unsecured claims against the Debtors as identified in the

Debtors' petitions; and (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

(Remainder of page intentionally left blank)

## No Prior Request

21. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order (i) authorizing the Debtors to employ and retain K&E as attorneys for the Debtors effective as of the Petition Date and (ii) granting such further relief as the Court deems appropriate.

Dated: February 9, 2006

J.L. French Automotive Castings, Inc., Nelson Metal Products Corporation, Allotech International Inc., Shore Line Industries, Inc., J.L. French Automotive LLC, French Holdings, Inc., J.L. French Corporation, J.L. French Automotive Castings New York, Inc., J.L. French Automotive Castings Illinois, Inc

James Amodeo
Chief Financial Officer, J.L. French Automotive Castings, Inc.