IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J.L. FRENCH AUTOMOTIVE CASTINGS, INC.,[1] | ) ) | Case No. 06-10119 (MFW) (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related Docket No. 17 |

**INTERIM ORDER UNDER 11 U.S.C. §§ 363, 364, 1107 AND 1108 (I) AUTHORIZING (A) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTENANCE OF EXISTING BANK ACCOUNTS, (C) CONTINUED USE OF EXISTING BUSINESS FORMS, AND (D) CONTINUED USE OF EXISTING INVESTMENT GUIDELINES; AND (II) (A) GRANTING SUPERPRIORITY AND ADMINISTRATIVE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS AND (B) AUTHORIZING CONTINUED PERFORMANCE UNDER INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES**

Upon the Debtors' motion (the "Motion")[2] for entry of an order under sections 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to (a) continue to use their existing cash management system, (b) maintain existing bank accounts, (c) continue to use their existing business forms, and (d) continue to use their existing investment guidelines; and (ii) (a) granting superpriority and administrative priority status to postpetition intercompany claims and (b) authorizing the Debtors to continue to perform under certain intercompany arrangements and historical practices; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors

---

[1] The Debtors are: J.L. French Automotive Castings, Inc., Nelson Metal Products Corporation, Allotech International Inc., Shore Line Industries, Inc., J.L. French Automotive LLC, French Holdings, Inc., J.L. French Corporation, J.L. French Automotive Castings New York, Inc., J.L. French Automotive Castings Illinois, Inc.

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion.

and other parties-in-interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the particular circumstances and no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted on an interim basis; and it is further

ORDERED, that the Debtors are authorized, in their sole discretion, in the reasonable exercise of their business judgment, to: (i) designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit B to the Motion (the "Bank Accounts"), (ii) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, invoices, etc.), as well as checks existing immediately before the Petition Date, without reference to their status as debtors-in-possession, and other documents related to the Bank Accounts; provided, however, that as soon as practicable, the Debtors will imprint the legend "DIP" on its existing postpetition checks; provided, further, that upon depletion of the Debtors' check stock and/or business forms stock, the Debtors will obtain new check stock and/or business forms stock reflecting their status as debtors-in-possession; and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; and it is further

ORDERED, that the Debtors are authorized to continue utilizing their integrated Cash Management System to manage their cash, to pay intercompany payables and to extend intercompany credit, in a manner consistent with the Debtors' prepetition practices; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate in their sole discretion; and it is further

ORDERED, that the Debtors may disburse funds by debit, wire or ACH payments and other means; and it is further

ORDERED, that the Debtors may continue to allow third-party benefit providers check writing privileges in the ordinary course of business; and it is further

ORDERED, that the Debtors are authorized, in their sole discretion, on an interim basis, subject to notice and final hearing, to invest and deposit funds in their current investment accounts, in accordance with their prepetition practices, notwithstanding that this practice may not strictly comply with the requirements of section 345 of the Bankruptcy Code; and it is further

ORDERED, that, pursuant to section 364(b) of the Bankruptcy Code, all intercompany claims arising after the Petition Date owed by an individual Debtor to another individual Debtor (the "Intercompany Claims") shall be accorded administrative priority status of the kind specified in sections 503(b) and 507(a)(2) of the Bankruptcy Code; provided, however, that the Court will consider the Debtors' request to have all Intercompany Claims accorded superpriority administrative status at a final hearing to be held on March 3, 2006 at 2:00 P.M. prevailing Eastern Time; and it is further

ORDERED, that the Debtors are authorized, but not required, to continue performing under and honoring their respective obligations and commitments under the Intercompany Arrangements provided, however, that the Debtors shall not have authority to make loans to non-debtor foreign subsidiaries absent further Order of the Court; and it is further

ORDERED, that the Debtors shall cause a copy of this Order to be served on all of the banks at which any Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED, that the Debtors are hereby authorized on an interim basis to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that the Court shall have a final hearing on the relief requested in this Motion on March 3, 2006 at 2:00 P.M. prevailing Eastern Time and any objections or responses to this Motion shall be filed and served on the parties required by Del. Bank. L.R. 2002-1(b) by February 24, 2006 at 4:00 P.M. prevailing Eastern Time; and it is further

ORDERED, that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: ~~Feb. 14~~, 2006

_Mary Walrath_
The Honorable Mary F. Walrath
Chief Judge United States Bankruptcy Court